UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROOSEVELT CAYMAN ASSET COMPANY,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**RAFAEL OSCAR RIVERA-MOLINA, et al.,**<br><br>    **Defendants.**<br><br>    v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION**<br><br>    **Counter Defendant** | **CIVIL NO. 15-1713 (PAD)** |

**MEMORANDUM AND ORDER**

On July 4 2013, Doral Bank ("Doral") initiated this action against Rafael Rivera and Jeannine Cintron ("defendants/counter claimants") for collection of monies and foreclosure in the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 1). On November 23 2013, defendants answered the complaint and included a counterclaim against Doral Bank, claiming damages in the amount of $150,000.00. Id. At some point thereafter, the state court authorized Roosevelt Cayman Asset Company's ("Roosevelt") request to be substituted as plaintiff. On February 27 2015, while the action was still pending, Doral was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and the FDIC was appointed Doral's receiver. Id. On May 28, 2015, the FDIC-R removed the action to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1). Id.

Before the court is the "FDIC-R's Motion to Dismiss Counter Plaintiffs' Claims with Prejudice for Failure to Exhaust Mandatory Administrative Claims Process" (Docket No. 10). The court ordered the plaintiffs to respond to the motion not later than January 29, 2016 (Docket No. 11). To date, they have not done so. For the reasons below, the FDIC-R's motion is GRANTED, and the counterclaim DISMISSED.

## I. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II. DISCUSSION

A. FIRREA

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") provides that when the FDIC is acting as a conservator or receiver, it succeeds the insured depository

institution as to all of its rights, titles, powers, privileges and assets. See, Font-Llacer-de-Pueyo v. F.D.I.C., 932 F.Supp.2d 265, 270 (D.P.R. 2013)(citing 12 U.S.C. § 1821(d)(2)(A)(i)). Additionally, FIRREA establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. See, Maldonado-Torres v. F.D.I.C. ex rel. R-G Premier Bank, 839 F.Supp.2d 511, 515 (D.P.R. 2012)(citing 12 U.S.C. § 1821(d)(13)(D)).[1] The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, on May 21, 2015, the FDIC mailed written claim notices to defendants/counter claimants Rafael Rivera and Jeannine Cintron, informing them of the mandatory procedures for asserting a claim against it. That same notice was also sent to their attorney, Antonio Bauza-Torres (Docket No. 10, Exh. 1 at ¶ 4). Notice to potential creditors and depositors of Doral was also published in two (2) different newspapers, on three (3) different dates, namely, March 6, 2015, April 6, 2015, and May 5, 2015. Id. at ¶¶ 5-6. The notice informed that the FDIC had established June 4, 2015, as the Claims Bar Date; included instructions on how to

---

[1] Section 1821(d)(13)(D) states:
    (D) Limitations on judicial review
    Except as otherwise provided in this subsection, no court shall have jurisdiction over—
    (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
    (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.
12 U.S.C. § 1821(d)(13)(D).

complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id. at ¶¶ 7-10.

Despite the foregoing, defendants/counter claimants failed to submit the corresponding claims with the FDIC, such that they failed to comply with the administrative procedure as required by 12 U.S.C. § 1821. Id. at ¶¶ 11-13. Being it so, it follows that the court lacks subject-matter jurisdiction to entertain their claims against the FDIC. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995)(holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution"); see also, 12 U.S.C. § 1821(d)(13)(D).

B. Remand

Because all claims against the FDIC will be dismissed, the basis for removal jurisdiction no longer exists. In these circumstances, remand is warranted. See e.g., Pena v. Puerto Rico, No. 11–2127, 2012 WL 2525601 (D.P.R. Jun. 29, 2012)(remanding case to state court after finding that once the claims against FDIC have been dismissed, the court has only supplemental jurisdiction over the action and thus has the discretion to remand the case, where FDIC's interests become moot); New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1501 (3d Cir. 1996)(holding that FIRREA does not provide continuing original jurisdiction once the FDIC is dismissed, but that a court may, in its discretion, continue to exercise supplemental jurisdiction); Mill Investments, Inc. v. Brooks Woolen Co., 797 F.Supp. 49, 54 (D.Me. 1992)(holding that court retained only supplemental jurisdiction after FDIC assigned its interest in the promissory note object of the litigation, and was no longer a party to the suit – while the successor in interest to the mortgage remained – and thus, remanding the case to state court).

Roosevelt Cayman Asset Company v. Rivera-Molina et al
Civil No. 15-1713 (PAD)
Memorandum and Order
Page 5

### III. CONCLUSION

In light of the foregoing, the FDIC's motion is GRANTED, and defendants/counter claimants' counterclaim DISMISSED, and the case is remanded to the San Juan Part of the Puerto Rico Court of First Instance.  Judgment so reflecting shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 16 day of February, 2016.

                                                S/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO-HERNÁNDEZ
                                                United States District Judge