UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ROOSEVELT CAYMAN ASSET COMPANY, through its servicing agent RUSHMORE LOAN MANAGEMENT SERVICES,**

 **Plaintiff.**

  v.

**RAFAEL OSCAR RIVERA MOLINA, et al.,**

 **Defendants.**

**CIVIL NO. 15-1713 (PAD)**

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is plaintiff Roosevelt Cayman Asset Company's "Motion to Alter or Amend Judgment" (Docket No. 15). For the reasons explained below, the motion is DENIED.

**I. BACKGROUND**

On July 4, 2013, Doral Bank initiated this action against Rafael Rivera and Jeannine Cintrón for collection of monies and foreclosure in the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 1). Defendants answered the complaint and included a counterclaim against Doral Bank, claiming damages in the amount of $150,000.00. Id. At some point thereafter, the state court authorized Roosevelt Cayman Asset Company's request to be substituted as plaintiff. On February 27, 2015, while the action was still pending, Doral was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and the FDIC was appointed Doral's receiver. Id. The FDIC-R removed the action to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1). Id. On February 16, 2016, this court

dismissed defendants' counterclaim and remanded the case to the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 12).

## II.   STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, "a motion seeking reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59 (e) if it seeks to change the order or judgment issued." Villanueva-Méndez v. Nieves Vázquez, 360 F.Supp.2d 320, 323 (D.P.R. 2005).

Rule 59(e) motions are "aimed at *re*consideration, not initial consideration." F.D.I.C. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)(citing Harley-Davison Motor Co., Inc. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990)).  The moving party should not use them to "raise arguments which could, and should, have been made before judgment issued." Id. (citing Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).

"A successful Rule 59(e) motion requires that a party 'clearly establish manifest error of law or [ ] present newly discovered evidence.'" Central Produce El Jibarito v. Luna Commercial Corp. 880 F.Supp.2d. 282, 285 (D.P.R. 2012)(citing Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012)).  It must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## III.   DISCUSSION

The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") provides a "federal forum and a uniform body of federal law for [financial institution regulatory agencies'] receivership activities." Peña v. Commonwealth of Puerto Rico, 2012 WL 2525601 *2 (D.P.R. 2012).  However, the statute does not indicate "what happens to the court's jurisdiction when the

FDIC is no longer a party to the case either when it has been substituted by a successor in interest, or because it has been dismissed from the action altogether, and this ambiguity has engendered a difference of opinion in the federal courts." Id. The circuits that have addressed this question disagree as to "the kind of subject matter jurisdiction the district courts retain." Id. (citing Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011)). Some circuits hold that "the entire suit remains within the district court's original jurisdiction," see, Lindey v. F.D.I.C., 733 F.3d 1043, 1057 (11th Cir.); Casey v. F.D.I.C., 583 F.3d 586, 591 (8th Cir. 2009); Adair v. Lease Partners, Inc., 587 F.3d 238, 243 (5th Cir. 2009), while at least one circuit holds that the district court retains only supplemental jurisdiction over the state law claims, see, New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1501 (3rd Cir. 1996). "If the claim is within the district court's original jurisdiction, then it has no authority to remand, while it has discretion to remand if the claim falls within its supplemental jurisdiction." Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011). The First Circuit has yet to address this jurisdictional question.

Plaintiff asks the court to reconsider its judgment because the court "made a manifest error of law when it remanded the case to state court" (Docket No. 15 at p. 3). It avers that the court should have retained original jurisdiction over the case even though the counterclaim against the FDIC has been dismissed. Id. In support, plaintiff argues that "at least five circuits have held that the entire suit remains within the district court's original jurisdiction even after the dismissal of the claims against the FDIC" (Docket No. 15 at p. 5). Following the Third Circuit's reasoning, however, the court found that following the dismissal of claims against the FDIC, it had discretion to remand the case (Docket No. 12 at p. 4). Given the absence of controlling precedent as well as the circuit split on this issue, plaintiff cannot "clearly establish manifest error of law." U.S. v. Bennett, 469 F.3d 46, 50 (1st Cir. 2006)(holding that "in light of conflicting case law, any error

that might have been committed by the district court was not 'obvious,' and therefore not plain error."). In absence of a clear error by the court or newly discovered evidence, plaintiff's motion for reconsideration cannot succeed.

## CONCLUSION

In view of the foregoing, plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of July, 2016.

S/Pedro A. Delgado-Hernández  
PEDRO A. DELGADO-HERNÁNDEZ  
United States District Judge